SCOTT J. SAGARIA (BAR # 217981)
PATRICK C. CALHOUN (BAR # 56671)
SAGARIA LAW, P.C.
333 WEST SAN CARLOS STREET
SUITE 1700
SAN JOSE, CALIFORNIA 95110
(408) 279-2288
(408) 279-2299 FAX

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| In Re:<br><br>MARIO BURNIAS and<br>RUTH MABEL BURNIAS,<br><br>Debtors. | Case No. 10-54546 SLJ<br><br>Chapter 11<br><br>FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY BANKRUPTCY COUNSEL FOR DEBTOR IN POSSESSION<br><br>Judge: Hon. Stephen L. Johnson<br>Date: March 30, 2011<br>Time: 1:30 p.m.<br>Address: 280 S. First Street, San Jose, CA<br>Courtroom: 3099 |

TO THE HONORABLE STEPHEN L. JOHNSON, UNITED STATES BANKRUPTCY JUDGE:

SAGARIA LAW, P.C., ("Counsel"), bankruptcy counsel for MARIO BURNIAS and RUTH MABEL BURNIAS ("Debtors"), applies for final compensation for services rendered from the commencement of Sagaria Law's employment for this case on

August 23, 2010 through January 13, 2011, and for reimbursement of expenses incurred during the same period. Approval of the fees and expenses sought by Counsel herein is authorized and appropriate pursuant to 11 U.S.C. § 330, and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure. This application is submitted in compliance with the applicable United States Trustee Guidelines. In support of its application, Counsel respectfully alleges:

**I. INTRODUCTION**

Debtors commenced this reorganization case by filing a voluntary chapter 11 petition on April 30, 2010. An application to employ Sagaria Law was filed on June 16, 2010. The terms of Counsel's employment provide for Counsel to charge for services rendered by professionals of the firm at the hourly rates in effect at the time the services are rendered. An order of the Court approving Debtors employment of Counsel was entered on September 10, 2010 and effective as of August 23, 2010. A true and correct copy of the order is attached hereto as **Exhibit A** and is incorporated herein by reference. All services rendered by Counsel in connection with this case have been rendered on behalf of Debtor.

Counsel has represented Debtors since April 28, 2010. Counsel has represented Debtors as bankruptcy counsel in this case and in all contested and uncontested matters in the case since that date. The services rendered and the expenses incurred by Counsel in connection with this case have been necessary, reasonable and

appropriate under the circumstances. The compensation sought by Counsel is based on the customary compensation charged by comparably skilled practitioners in cases under title 11 and in cases other than cases until title 11.

Counsel has provided Debtor with essential advice and representation regarding, among other things, the following:

    (1) Issues regarding the development of a disclosure statement and a plan of reorganization;
    (2) The employment of necessary professionals;
    (3) Issues regarding the possible sale of property of the estate;
    (4) Preparation of Monthly Operating Reports;
    (5) Status Conference Hearings;
    (6) Chapter 11 administrative requirements and other issues and matters.

## II.    SUMMARY

Debtors agreed to pay an initial retainer of $12,000.00 for attorney's fees and costs pending approval by the Court. At the time of filing, Counsel had received $7,000.00 of the $12,000.00 total from Hilton Stanley Capital, as shown in Debtor's 2016(b) Statement filed on June 15, 2010 and attached hereto as **Exhibit E**. Counsel was to receive the remaining $5,000.00 from Hilton Stanley Capital. To date the remaining $5,000.00 has not been received. Debtors also paid $1,039.00 for the Chapter 11 filing fee which was submitted to the Court at the time of filing by Counsel. The total amount of professional fees and expenses incurred from August

23, 2010 through January 13, 2010 is $9,744.00. Counsel hereby requests that all fees and expenses incurred over the course of the litigation be granted by the Court.

In accordance with the United States Trustee Guidelines, Counsel's time entries have been arranged by project categories. Brief narrative summaries with respect to each project category appear below. **Exhibit B** identifies each person providing services with respect to each project category, the hourly billing rate, the number of hours spent, and the amount of compensation requested for each person for each project category. The following attorneys billed on this case:

| | | |
|---|---|---|
| Patrick Calhoun, Esq. | SBN 56671 | PDC |
| Scott J. Sagaria, Esq. | SBN 217981 | SJS |
| Dominique Sopko, Esq. | SBN 240015 | DAS |

### III. PROJECT BILLING – DESCRIPTION OF SERVICES AND SUMMARY

Counsel performed the specific services described below during the period between August 23, 2010 and January 13, 2011 ("Relevant Period"). The project billings reflect a summary of the services billed along with the total hours and fees for each category.

**A. Commencement of the Case**

On an ongoing basis, Counsel has been required to advice Debtors with respect to the impact of Debtors' chapter 11 filing, the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and the requirements and guidelines of the United States Trustee. Initially, Counsel was

required to extensively advise and assist Debtors in connection with the preparation of the documentation necessary to commence the chapter 11 case and to comply with the initial chapter 11 requirements.

Counsel does not seek compensation for commencement of case issues as Counsel's Order for Employment was not effective until August 23, 2010.

**B.     Administration of the Case**

During the Relevant Period, Counsel dealt with the day-to-day prosecution of the bankruptcy case, including ongoing interaction with Debtors, receiving phone calls from attorneys and other parties in interest, appearing at Status Conferences and other scheduled hearings, and addressing other issues as they arose on an ongoing basis. This category also includes periodic office conferences with Debtors to discuss the status of the case and strategy regarding the case and particular issues. Time in this category also includes drafting applications of appointment of professionals, and related tasks.

Much time in this category was also spent interaction with the Office of the United States Trustee and appearances at Status Conferences to resolve Debtors' tax liability issues in order to try and move the case forward.

A description of the services and corresponding expenditure of time relating to this category, based upon time records, is attached hereto, marked **Exhibit C** and incorporated herein by this reference.

**PROJECT SUMMARY**       PDC   5.3 hours      $ 2,120.00
                                       SJS   5.4 hours      $ 2,160.00
                                         DAS   15.0 hours    $ 4,425.00

                **Total:**           **25.7 hours**      **$ 8,705.00**

## IV. PARAPROFESSIONALS

Counsel does not seek compensation for paraprofessionals.

## V. DUAL APPEARANCES

Counsel does not seek compensation for dual appearances in this proceeding. On certain occasions, two attorneys were present, however in such situations the work was done jointly and collaboratively, and compensation is not sought for any duplicative work.

## VI. REIMBURSEMENT OF EXPENSES

In performing its services herein, Counsel incurred various charges for expenses such as: photocopies, faxes, parking, postage, filing fees and other Court charges, Pacer claims/docket access, computerized research, service of process. Counsel does not see reimbursement for any of these costs incurred other than the $1,039.00 Chapter 11 filing fee.

The total amount of expenses for which Counsel requests reimbursement is as follows:

**PROJECT SUMMARY – Costs: $1,039.00.**

## VII. COMPENSATION PAID FOR CHAPTER 11 SERVICES

No portion of Debtor's initial retainer received by Counsel has been shared with any other person. There is no agreement or understanding between Counsel and any other person for the sharing of compensation received or to be received for services rendered in, or in connection with, these cases, except with the regular members and associates of Counsel.

Approved fees and costs will be paid from Debtors original retainer that is currently held in Trust.

## VIII. CLIENT REVIEW

Counsel has complied with the notice requirement to Debtor and has sent this application to Debtors concurrently with the filing of this Application. A copy of the transmittal letter which contains the required language from these Guidelines is attached hereto as **Exhibit D** to this application and is incorporated herein by this reference.

## IX. PROJECT SUMMARY SHEET

Counsel has prepared a summary sheet for this Application. The summary is attached hereto as **Exhibit B** to this Application and is incorporated herein by reference.

FINAL APPLICATION FOR COMPENSATION -- Page 7 of 8
Case 10-54546   Doc# 68   Filed: 02/15/11   Entered: 02/15/11 23:13:00   Page 7 of 8

**X. LIST OF EXHIBITS**

Attached are the following exhibits which reflect the time and billing and expense statements upon which this application is based:

       Exhibit B    Summary by Project
       Exhibit C    Administration of Case
       Exhibit D    Transmittal Letter to Client
       Exhibit E    Statement Pursuant to Rule 2016(B) filed 6/25/10

WHEREFORE, Counsel prays that this Court enter its Order (1) approving all attorneys fees for services rendered for the benefit of Debtors for the relevant period of this application in the sum of $8,705.00; (2) approving reimbursement of all costs advanced by Counsel in its representation of Debtors during the relevant period in the sum of $1,039.00; and (3) granting such other relief as may be proper.

Respectfully submitted:

SAGARIA LAW, P.C.

Dated: February 15, 2011        By:  /s/ *Patrick Calhoun*
                                                  Patrick Calhoun
                                                  Attorney for Debtors